UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

PEDRO M. PEROZO,
and other similarly situated individuals,

    Plaintiff/s

v.

PANAMERICAN ENGINEERING
CONTRACTORS CORP,
170 KAJU LLC.
CESAR I. CASTILLO
and JOHN E. GOMEZ, individually

    Defendants,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff PEDRO M. PEROZO, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants PANAMERICAN ENGINEERING CONTRACTORS CORP, 170 KAJU LLC., CESAR I. CASTILLO, and JOHN E. GOMEZ, individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337, Title 29 U.S.C. § 201-219, and the Fair Labor Standards Act, "the Act" (Section 216 (b) for jurisdictional placement).

2. Plaintiff PEDRO M. PEROZO is a resident of Miami Dade County. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendants PANAMERICAN ENGINEERING CONTRACTORS CORP and 170 KAJU LLC. are Florida Profit Corporations having offices in and performing business in Miami-Dade County. At all times, Defendants were engaged in interstate commerce.

4. The individual Defendants CESAR I. CASTILLO, and JOHN E. GOMEZ are the owners/partners and managers of PANAMERICAN ENGINEERING CONTRACTORS CORP and 170 KAJU LLC. These individual Defendants are the employers of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d).

5. Corporate Defendants PANAMERICAN ENGINEERING CONTRACTORS CORP and 170 KAJU LLC. are joint employers of Plaintiff.

6. All the actions raised in this Complaint took place in Miami-Dade County, Florida, within this Court's jurisdiction.

## ALLEGATIONS COMMON TO ALL COUNTS

7. This cause of action is brought by Plaintiff PEDRO M. PEROZO as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after April 2020, (the "material time") without being compensated.

8. Defendants PANAMERICAN ENGINEERING CONTRACTORS CORP and 170 KAJU LLC. are construction companies dedicated to residential and commercial new construction and remodeling projects.

9. Corporate Defendants PANAMERICAN ENGINEERING CONTRACTORS CORP and 170 KAJU LLC. have offices located at 4908 NW 72 Avenue, Suite A, Miami, FL 33155.

10. Defendants PANAMERICAN ENGINEERING CONTRACTORS CORP and 170 KAJU LLC. were joint employers of Plaintiff because: 1) individual Defendants CESAR I. CASTILLO, and JOHN E. GOMEZ had equal and absolute control over the schedules of Plaintiff and other employees similarly situated; 2) Defendants through their management jointly and equally determined terms and employment conditions of Plaintiff and other employees similarly situated; 3) Corporate Defendants had the arrangement to share employees and had equal power to hire and to fire employees from PANAMERICAN ENGINEERING CONTRACTORS CORP and 170 KAJU LLC.; 4) Individual Defendants CESAR I. CASTILLO, and JOHN E. GOMEZ personally supervised schedules, and times records of Plaintiff and other similarly situated individuals.

11. Therefore, because Corporate Defendants equally hired and fired employees, supervised and controlled Plaintiff's work schedules and activities, maintained employment records of Plaintiff and other similarly situated individuals, and because the work performed by Plaintiff and other similarly situated individuals simultaneously benefited all Defendants and directly or indirectly furthered their joint interest,

Defendants PANAMERICAN ENGINEERING CONTRACTORS CORP and 170 KAJU LLC. are joint employers within the meaning of the FLSA.

12. Defendants PANAMERICAN ENGINEERING CONTRACTORS CORP and 170 KAJU LLC. are also the joint employers of Plaintiff and other similarly situated employees under the FLSA's broad definition of "employer" (29 U.S.C. §203 (d)), and they are jointly liable for Plaintiff's damages.

13. Defendants PANAMERICAN ENGINEERING CONTRACTORS CORP and 170 KAJU LLC. hereinafter will be called collectively PANAMERICAN CONTRACTORS.

14. Defendants PANAMERICAN CONTRACTORS, CESAR I. CASTILLO, and JOHN E. GOMEZ employed Plaintiff PEDRO M. PEROZO as a full-time, non-exempted, employee from approximately April 01, 2020, to April 08, 2022, or 105 weeks.

15. Plaintiff had the position of project manager, but he performed non-exempted multiple duties including construction work. During approximately 81 weeks, Plaintiff was paid a salary of $1,500.00 weekly. For the remaining 24 weeks, Plaintiff was paid a salary of $1,200.00 weekly.

16. Plaintiff worked under the supervision of CESAR I. CASTILLO and JOHN E. GOMEZ.

17. During his relevant time of employment, Plaintiff worked 6 days per week, from Monday to Saturday, from 7:00 AM to 6:00 PM (11 hours daily), or a minimum of 66 hours weekly. Sometimes Plaintiff stayed working later.

18. Plaintiff always worked more than 40 hours, but he was paid the same salary, regardless of the number of hours worked. Plaintiff was not compensated for overtime hours.

19. Plaintiff did not clock in and out, but he worked under the supervision of the owners of the business CESAR I. CASTILLO and JOHN E. GOMEZ. Defendants were in complete control of Plaintiff's schedule, and they were able to track the number of hours worked by Plaintiff and other similarly situated individuals.

20. Therefore, Defendants willfully and intentionally failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

21. Plaintiff was paid weekly strictly in cash without paystubs or records providing the number of days and hours worked every week, wage rate paid, employee taxes deducted, etc.

22. Furthermore, while employed by Defendants, Plaintiff was not paid his salary regularly. Defendants failed to pay Plaintiff 12 weeks at the rate of $1,500.00 weekly, and at least 7 weeks at the rate of $1,200.00 weekly.

23. Defendants failed to pay Plaintiff wages for at least 19 weeks. Plaintiff was not paid at any rate, not even at the minimum wage rate, as required by law.

24. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of 29 U.S.C. §206 states (a) of the Fair Labor Standards Act.

25. On or about April 08, 2022, Plaintiff was forced to leave his employment due to the lack of payment.

26. Plaintiff PEDRO M. PEROZO seeks to recover overtime wages for every hour in excess of 40 that he worked, unpaid minimum wages, liquidated damages, and any other relief as allowable by law.

27. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a) (1) FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

28. Plaintiff PEDRO M. PEROZO re-adopts every factual allegation stated in paragraphs 1-27 above as if set out in full herein.

29. This action is brought by Plaintiff and those similarly situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

30. At all times pertinent to this Complaint, Defendant was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Defendant PANAMERICAN CONTRACTORS is a general construction contractor. Defendant had more than two employees regularly engaged in interstate commerce. At all times, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from throughout the United States. At all times, the

Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

31. Plaintiff was employed by an enterprise engaged in interstate commerce, and Plaintiff's work likewise affected interstate commerce Plaintiff was a construction employee, and he regularly engaged in the purchase of building materials produced for interstate commerce. In addition, Plaintiff and those similarly situated regularly handled and worked on goods and materials that were produced for commerce and were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

32. Defendants PANAMERICAN CONTRACTORS, CESAR I. CASTILLO, and JOHN E. GOMEZ employed Plaintiff PEDRO M. PEROZO as a full-time, non-exempted, employee from approximately April 01, 2020, to April 08, 2022, or 105 weeks.

33. Plaintiff had the position of project manager, but he performed non-exempted multiple duties, including construction work. During approximately 81 weeks, Plaintiff was paid a salary of $1,500.00 weekly. For the remaining 24 weeks, Plaintiff was paid a salary of $1,200.00 weekly.

34. Plaintiff worked under the supervision of CESAR I. CASTILLO and JOHN E. GOMEZ.

35. During his relevant time of employment, Plaintiff worked 6 days per week, a minimum of 66 hours weekly.

36. Plaintiff always worked more than 40 hours, but he was paid the same salary, regardless of the number of hours worked. Plaintiff was not compensated for overtime hours.

37. Plaintiff did not clock in and out, but he worked under the supervision of the owners of the business CESAR I. CASTILLO and JOHN E. GOMEZ. Defendants were in complete control of Plaintiff's schedule, and they were able to track the number of hours worked by Plaintiff and other similarly situated individuals.

38. Therefore, Defendants willfully and intentionally failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

39. Plaintiff was paid weekly strictly in cash without paystubs or records providing the number of days and hours worked every week, wage rate paid, employee taxes deducted, etc.

40. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class. Accordingly, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

41. Defendants never posted any notice to inform employees of their federal rights to overtime and minimum wage payments as required by the Fair Labor Standards Act and Federal Law. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

42. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

    *Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate. After proper discovery, calculations will be adjusted.

    a. Total amount of alleged unpaid wages:

    Twenty-Nine Thousand Six Hundred Seventeen Dollars and 38/100 ($29.617.38)

    b. Calculation of such wages:

    Total time of employment: 105 weeks
    Total relevant weeks of employment: 105 weeks
    Total hours worked: 66 hours weekly
    Total unpaid O/T hours: 26 hours weekly

    1.- O/T covering 81 weeks with 6 days/66 hrs. paid at $1,500.00 weekly

    Relevant weeks: 81 weeks
    Total hours worked: 66 hours weekly
    Total unpaid O/T hours: 26 O/T hours
    Salary: $1,500.00 weekly: 66 hours = $22.73 an hour
    Regular rate: $22.73 x 1.5=$34.10 O/T rate
    O/T rate: $34.10-$22.73 rate paid= $11.37 half-time difference

    Half-Time $11.37 x 26 O/T hours=$295.62 weekly x 81 weeks=$23,945.22

    2.- O/T covering 24 weeks with 6 days/66 hrs. paid at $1,200.00 weekly

    Relevant weeks: 24 weeks
    Total hours worked: 66 hours weekly
    Total unpaid O/T hours: 26 O/T hours
    Salary: $1,200.00 weekly: 66 hours = $18.18 an hour
    Regular rate: $18.18 x 1.5=$27.27 O/T rate
    O/T rate: $27.27-$18.18 rate paid= $9.09 half-time difference

    Half-Time $9.09 x 26 O/T hours=$236.34 weekly x 24 weeks=$5,672.16

    Total #1, and #2: $29,617.38

    c. Nature of wages (e.g., overtime or straight time):

    This amount represents unpaid half-time overtime hours.

43. At all times, material hereto, the Employer/Defendants PANAMERICAN CONTRACTORS, CESAR I. CASTILLO and JOHN E. GOMEZ failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

44. Defendants showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

45. At times mentioned, individual Defendants CESAR I. CASTILLO, and JOHN E. GOMEZ were the owners and managers of PANAMERICAN CONTRACTORS'S where Plaintiff worked. Defendants CESAR I. CASTILLO, and JOHN E. GOMEZ were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of PANAMERICAN CONTRACTORS in relation to their employees, including Plaintiff and others similarly situated. Defendants CESAR I. CASTILLO, and JOHN E. GOMEZ had operational control of the department determined terms and working conditions of Plaintiff and other similarly situated employees. Defendants are jointly and severally liable for Plaintiff's damages.

46. Defendants PANAMERICAN CONTRACTORS, CESAR I. CASTILLO, and JOHN E. GOMEZ willfully and intentionally refused to pay Plaintiff overtime wages as

required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

47. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff PEDRO M. PEROZO and those similarly situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff PEDRO M. PEROZO and other similarly-situated and against the Defendants PANAMERICAN CONTRACTORS, CESAR I. CASTILLO, and JOHN E. GOMEZ based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff PEDRO M. PEROZO and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

48. Plaintiff PEDRO M. PEROZO re-adopts every factual allegation as stated in paragraphs 1-27 of this Complaint as if set out in full herein.

49. This action is brought by Plaintiff PEDRO M. PEROZO and those similarly situated to recover from the Employer PANAMERICAN CONTRACTORS unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

50. At all times pertinent to this Complaint, Defendant was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Defendant PANAMERICAN CONTRACTORS is a construction general contractor. Defendant had more than two employees regularly engaged in interstate commerce. At all times, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from throughout the United States. At all times, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

51. Plaintiff was employed by an enterprise engaged in interstate commerce, and Plaintiff's work likewise affected interstate commerce Plaintiff was a construction employee, and he regularly engaged in the purchase of building materials produced for interstate commerce. In addition, Plaintiff and those similarly situated regularly handled and worked on goods and materials that were produced for commerce and were moved

across State lines at any time during the business. Therefore, there is FLSA individual coverage.

52. 29 U.S.C. §206 states (a) "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day

53. Defendants PANAMERICAN CONTRACTORS, CESAR I. CASTILLO, and JOHN E. GOMEZ employed Plaintiff PEDRO M. PEROZO as a full-time, non-exempted, employee from approximately April 01, 2020, to April 08, 2022, or 105 weeks.

54. Plaintiff had the position of project manager, but he performed non-exempted multiple duties, including construction work. During approximately 81 weeks, Plaintiff was paid a salary of $1,500.00 weekly. For the remaining 24 weeks, Plaintiff was paid a salary of $1,200.00 weekly.

55. During his relevant time of employment, Plaintiff worked 6 days per week, a minimum of 66 hours weekly.

56. Plaintiff did not clock in and out, but he worked under the supervision of the owners of the business CESAR I. CASTILLO and JOHN E. GOMEZ. Defendants were in complete control of Plaintiff's schedule, and they were able to track the number of hours worked by Plaintiff and other similarly situated individuals.

57. While employed by Defendants, Plaintiff was not paid his salary regularly. Defendants failed to pay Plaintiff 12 weeks at the rate of $1,500.00 weekly, and at least 7 weeks at the rate of $1,200.00 weekly.

58. Defendants failed to pay Plaintiff regular wages for at least 19 weeks.

59. There was a substantial number of working hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate as required by law.

60. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of 29 U.S.C. §206 states (a) of the Fair Labor Standards Act.

61. Plaintiff was paid weekly strictly in cash without paystubs or records providing the number of days and hours worked every week, wage rate paid, employee taxes deducted, etc.

62. On or about April 08, 2022, Plaintiff was forced to leave his employment due to the lack of payment.

63. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

64. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

65. Plaintiff is not in possession of time and payment records, but without the benefit of discovery, he is claiming 19 weeks with 40 regular unpaid hours. After discovery, Plaintiff will amend his Complaint accordingly.

66. At the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

    *Florida minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. Total amount of alleged unpaid wages:

    Seven Thousand Six Hundred Dollars and 00/100 ($7,600.00)

    b. Calculation of such wages:

    Total weeks of employment:  105 weeks
    Total relevant weeks of employment: 19 weeks
    Total hours worked: 40 hours weekly
    Total regular unpaid hours: 40 hours weekly
    Total unpaid weeks:  19 weeks
    Florida Minimum wage 2022: $10.00 an hour

    Fl Min. wage $10.00 x 40 hours=$400.00 weekly x 19 weeks=$7,600.00

    c. Nature of Wages:

    This amount represents unpaid Min. wages at Florida min. wage rate

67. Defendants PANAMERICAN CONTRACTORS, CESAR I. CASTILLO, and JOHN E. GOMEZ unlawfully failed to pay Plaintiff minimum wages.

68. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

69. At times mentioned, individual Defendants CESAR I. CASTILLO, and JOHN E. GOMEZ were the owners and managers of PANAMERICAN CONTRACTORS where Plaintiff worked. Defendants CESAR I. CASTILLO, and JOHN E. GOMEZ were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of PANAMERICAN CONTRACTORS in relation to their employees, including Plaintiff and others similarly situated. Defendants CESAR I. CASTILLO, and JOHN E. GOMEZ had operational control of the Company determined terms and working conditions of Plaintiff and other similarly situated employees. Thus, they are jointly and severally liable for Plaintiff's damages.

70. Defendants PANAMERICAN CONTRACTORS, CESAR I. CASTILLO, and JOHN E. GOMEZ willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages since the commencement of Plaintiff' employment with Defendants as set forth above. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff PEDRO M. PEROZO and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff PEDRO M. PEROZO and against the Defendants PANAMERICAN CONTRACTORS, CESAR I. CASTILLO, and JOHN E. GOMEZ based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. §

201 et seq. and other Federal Regulations; and

B.  Award Plaintiff' actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff PEDRO M. PEROZO and those similarly situated demand trial by jury of all issues triable as of right by jury.

Dated:  July 12, 2022

Respectfully submitted,

By:  /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*